## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

NJUGUNA BENSON                         CASE NO.  6:20-CV-01051 SEC P
  A-203600958

VERSUS                                 JUDGE ROBERT R. SUMMERHAYS

CHAD WOLF, ET AL                       MAGISTRATE JUDGE HANNA


## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) filed by pro se Petitioner Njuguna Benson. Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE").  He is detained at the Pine Prairie ICE Processing Center ("PPIPC") in Pine Prairie, Louisiana. Petitioner challenges his continued and prolonged detention under conditions that expose him to "serious harm of illness or even death due to the COVID-19 outbreak and the lack of the Respondents to provide enough protection from exposure."  Doc. 6, p. 7.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.   For the reasons stated below, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** as duplicative and all pending motions **DISMISSED** as moot.

## I.    Background

Njuguna Benson is a native of Kenya who has been detained by ICE since August 2019. Doc. 6-1, p. 6. On May 1, 2020, he filed his first Petition for Writ of Habeas Corpus in this Court, seeking immediate release, arguing that because of his medical conditions, COVID-19 poses a grave risk of harm, including serious injury or death. *Benson Philip Gatu Njuguna v. Eric Staiger*, Civil Action No. 6:20-cv-560-MJJ-PJH (W.D. La., May 1, 2020). He also argued that PPIPC's prevention measures are inadequate. *Id*. A limited evidentiary hearing on his Petition is scheduled for October 29, 2020, before Judge Juneau.

Benson filed the instant petition on August 12, 2020, raising the same arguments raised in the earlier filed matter. Docs. 1, 6.

## II.    Law & Analysis

Petitioner has two Petitions for Writ of Habeas Corpus filed in this court. In both he argues that his detention constitutes punishment because of his medical conditions, which he argues increase his risk of COVID-19-related complications and raises the claim that PPIPC's prevention measures are inadequate. He contends that as a result of those two factors, his detention is presumably not reasonably related to a legitimate governmental interest and seeks immediate release.

The Petition filed in the instant matter seeks substantially the same relief as the earlier petition filed in this Court. Accordingly, the habeas petition under

presently before this Court should be dismissed as duplicative of the other pending petition. *Vetcher v. Sessions*, 2018 U.S. Dist. LEXIS 143708, 2018 WL 4006812, at *2 (N.D. Tex. July 12, 2018); *see also Zhao v. Holder*, 2010 U.S. Dist. LEXIS 11440, 2010 WL 517897 (S.D. Tex. Feb. 10, 2010) (court dismissed § 2241 petition challenging immigration dentition as duplicative of pending petition); *Fertilien v. Mukasey*, 2009 U.S. Dist. LEXIS 62259, 2009 WL 1953176 (W.D. La. July 7, 2009).

Accordingly,

**IT IS RECOMMENDED** the Petition for Writ of Habeas Corpus filed in this matter is **DENIED** and **DISMISSED WITH PREJUDICE** as duplicative, and all pending motions are **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 24th day of September, 2020.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE